IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

CHRISTOPHER PIERCE,        )
                        )
        Petitioner,        )
                        )
v.                        )     Case No. CIV-06-375-R
                        )
RAY ROBERTS and PHIL KLINE,   )
                        )
        Respondents.      )

## **REPORT AND RECOMMENDATION**

In this habeas action, a Kansas prisoner challenges the execution of his Kansas sentence.[1] According to the petition, Mr. Pierce had been temporarily housed in Oklahoma.[2] During that time, the Petitioner allegedly sent the Oklahoma Pardon and Parole Board documents proving his innocence, and Oklahoma officials were going to grant him parole on his Kansas conviction.[3] Before he could be paroled, Mr. Pierce was transferred to

---

[1]     Mr. Pierce filed the petition on a 28 U.S.C. § 2254 form. *See* Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody (Apr. 6, 2006). While the Petitioner maintains his innocence, he is not attacking his Kansas conviction. Instead, Mr. Pierce is challenging a prison transfer, which allegedly interrupted his pending parole. *See id.* at p. 6. This claim is governed by 28 U.S.C. § 2241. *See United States v. Furman*, 112 F.3d 435, 438 (10th Cir. 1997) (claims "concerning . . . parole . . . , go to the execution of sentence and, thus, should be brought against defendant's custodian under 28 U.S.C. § 2241").

[2]     Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody at p. 6 & Exhibit C (Apr. 6, 2006).

[3]     Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody at p. 6 (Apr. 6, 2006).

Kansas.[4]  Thus, the Petitioner seeks an "order releasing him from incarceration."[5]  The Court should transfer the action to the District of Kansas.

The Court must have jurisdiction over the Petitioner's custodian.[6]  Mr. Pierce was convicted in Kansas, and his Kansas custodian is not subject to jurisdiction in the Western District of Oklahoma.[7]  Thus, the Court should transfer the action to the District of Kansas in the interest of justice.[8]

The Petitioner is advised of his right to object to this report and recommendation by May 4, 2006.[9]  If the Petitioner does object, he must file a written objection with the Court Clerk for the United States District Court, Western District of Oklahoma.[10]  The Petitioner is further advised that if he does not timely object, he would waive his right to appeal the suggested transfer to the District of Kansas.[11]

---

[4]     Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody at p. 6 (Apr. 6, 2006).

[5]     Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody at p. 6 (Apr. 6, 2006).

[6]     *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495 (1973).

[7]     *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) ("In habeas challenges to *present* physical confinement, . . ., the district of confinement is *synonymous* with the district court that has territorial jurisdiction over the proper respondent." (emphasis in original)); *see also Griggs v. United States*, 79 Fed. Appx. 359, 362 (10th Cir. Oct. 17, 2003) (unpublished op.) (Western District of Oklahoma lacked jurisdiction over a 2241 petition when the petitioner was housed in Texas).

[8]     *See* 28 U.S.C. § 1631 (2000).

[9]     *See* W.D. Okla. Local Civil Rule 72.1(a).

[10]    *See Haney v. Addison*, 175 F.3d 1217, 1219-20 (10th Cir. 1999).

[11]    *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The referral to the undersigned has been terminated.

Entered this 14th day of April, 2006.

_Robert E. Bacharach_

Robert E. Bacharach
United States Magistrate Judge